IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ALBERT MARIO RUSSAW,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **NO. 5:24-cv-00088-TES-CHW** |
| | : | |
| **CULLEN TALTON**, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER & RECOMMENDATION

Plaintiff Albert Mario Russaw, an inmate in the Wilcox State Prison in Abbeville, Georgia, has filed a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* in this action (ECF No. 2). Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED**, as set forth below, and Plaintiff's complaint is now ripe for preliminary review. On that review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). As permitted by this provision, Plaintiff has moved for leave to proceed *in forma pauperis*. Because Plaintiff's filings show that he is unable to prepay any portion of the filing fee, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b).  The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.  For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with

the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## REQUEST FOR APPOINTED COUNSEL

Plaintiff requests appointed counsel in this case "based on exception and complex[] issues by officials named herein."   Compl. 8, ECF No. 1.   As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]   But "[t]he key" in determining whether

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointed counsel is **DENIED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller*

4

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

Plaintiff's claims arise from his arrest in Warner Robins, Georgia on April 21, 2017. *See, e.g.,* Attach. 12 to Compl. 1, ECF No. 1-12.    According to the Complaint and the documents attached to the Complaint, Plaintiff was pulled over on that date because he failed to stop at a stop sign.    *Id.*    Because the officer who initiated the stop "could smell the raw odor of marijuana coming from inside the vehicle," he searched Plaintiff's car and person and uncovered marijuana and a large amount of crack cocaine.    *Id.*    Plaintiff was arrested and charged with trafficking in cocaine, possession of less than one ounce of marijuana, and failure to stop at a stop sign.    Compl. 5, ECF No. 1; Attach. 6 to Compl. 1, ECF No. 1-6.    At the time of his arrest, it appears the cocaine trafficking offense was the only felony with which Plaintiff was charged.    *See* Compl. 5, ECF No. 1.

The case against Plaintiff went before a grand jury on November 28, 2017.    Attach. 8 to Compl. 1, ECF No. 1-8.    The grand jury returned an indictment against Plaintiff on the three charges listed above and also returned a special presentment charging Plaintiff with possession of cocaine with intent to distribute.    Attach. 9 to Compl. 1, ECF NO. 1-9; Attach. 10 to Compl. 1, ECF No. 1-10.[2]    The special presentment indicated that the charge

---

[2] In Georgia, there is no significant legal difference between a special presentment and an indictment; rather, there is only "a mere technical distinction" between the two because "in an indictment the accusation is presented by a prosecutor, and in a special presentment it is preferred by a grand jury without a prosecutor."    *Carmichael v. State*, 228 Ga. 834, 837 (1972) (holding that "[t]he fact that the appellant was accused under a 'special presentment' has no significance on the question of the legality" of the pending charges); *see also* O.C.G.A. § 17-7-51 ("All special presentments by the grand jury charging defendants with violations of the penal laws shall be treated as indictments.").

of possession of cocaine with intent to distribute was related to the original charges stemming from the April 21, 2017 traffic stop and that Plaintiff had "not previously been arrested for these newly accused charges." Attach. 2 to Compl. 1, ECF No. 1-2. A bench warrant was therefore issued for Plaintiff's arrest on the new charge, and Deputy Garrett Cooley arrested Plaintiff on December 21, 2017. Attach. 9 to Compl. 1, ECF No. 1-9; Compl. 6, ECF No. 1. Plaintiff was convicted in 2018 in the Houston County Superior Court on the charges of trafficking in cocaine and possession of cocaine with intent to distribute, and he is serving a 40-year sentence. Compl. 1, ECF No. 1.

Plaintiff claims that all the named Defendants violated his Fourth and Fourteenth Amendment rights in connection with his prosecution on the charge of possession of cocaine with intent to distribute. Plaintiff first appears to contend that Defendant Silva, an assistant district attorney, "admitted on the record" that he would only be charging Plaintiff with one felony count, and thus the indictment and special presentment charging Plaintiff with two felony counts was unlawful and improper. Compl. 5-6, ECF No. 1. Plaintiff also appears to suggest that Defendant Silva improperly influenced the grand jury to return the special presentment. *Id.* at 8 (listing grand jury foreperson as witness to the fact "that the grand jury did not return a presentment on its own initiative, without a prosecution previous indictment request"). Plaintiff further alleges that Defendant Talton, the sheriff, directed Defendant Cooley to falsely arrest Plaintiff on the second felony charge, the charge of possession of cocaine with intent to distribute. *Id.* Finally, Plaintiff contends that Defendant Lukemire, the presiding judge in Plaintiff's state court criminal

7

case, unlawfully issued the December 11, 2017 bench warrant submitted by Defendant Silva and that he also allowed the charge of possession of cocaine with intent to distribute to proceed against Plaintiff. *Id.* Plaintiff appears to seek primarily injunctive relief for the constitutional violations he alleges. *Id.* at 8.

III.    Plaintiff's Claims

Plaintiff's claims concerning his conviction on the possession of cocaine with intent to distribute charge are due to be dismissed because they are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. If the prisoner cannot show that his conviction or sentence has been invalidated in this manner, the prisoner's § 1983 claim is not cognizable. *Id.* at 487.

Plaintiff contends that it was "impossible to possess cocaine [on] December 11, 2017," when the bench warrant issued for his arrest on the charge of possession of cocaine with intent to distribute, because Plaintiff was already in custody at that time. Compl. 7, ECF No. 1; *see also id.* at 8 (requesting that the Court "[i]dentify . . . the amount of contraband found on December 11, 2017, possession of cocaine with intent to distribute").

8

Thus, Plaintiff contends, Defendants convicted him of a crime for which he was actually innocent. *Id.* ("The above-mentioned defendants did initiate in [sic] an unjust act by wrongful conviction of an innocence [sic] person.").

Plaintiff's position ignores the fact that the second felony cocaine charge arose from the same course of events as the first felony cocaine charge, i.e., the April 21, 2017 traffic stop. Attach. 2 to Compl. 1, ECF No. 1-2 (notation on bench warrant explaining that Plaintiff had already been arrested and booked on the related charges).

More to the point, however, a favorable ruling from this Court on Plaintiff's claims that he was innocent of the second cocaine possession charge would necessarily undermine his criminal conviction on that charge. *See, e.g., Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) (per curiam) (concluding that *Heck* barred prisoner's claims that "prosecution and defense conspired to commit fraud in order to wrongfully convict her of murder" because such claim "necessarily implies the invalidity of her conviction"); *Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (holding that *Heck* barred damages claims based on prisoner's "contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit" by "fabricating testimony and other evidence against him" because judgment in favor of prisoner on those claims would necessarily undermine his conviction). Those claims must therefore be dismissed unless Plaintiff "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Because Plaintiff has failed to allege any facts demonstrating that his conviction or sentence has in fact been invalidated, his claims related to his allegedly

unlawful conviction are *Heck*-barred and should be dismissed as such.

Even if some or all of Plaintiff's claims were not barred by *Heck,* they are barred by the applicable statute of limitations.   The limitations period for filing a § 1983 claim is controlled by state law.  *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).   In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).   Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).   Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him.   *Id.* at 562.   Plaintiff states that the alleged wrongful acts of Defendants occurred—and any claims that are not *Heck*-barred therefore accrued—no later than the date he was sentenced on the charge of possession of cocaine with intent to distribute, June 21, 2018.  *See* Compl. 1, ECF No. 1.   Plaintiff had two years from that date to file his § 1983 claims, but he did not file these claims until March of 2024.   Any claims not barred by the *Heck* doctrine would therefore be barred by the statute of limitations and are subject to dismissal for this reason.   *See Hughes*, 350 F.3d at 1163 (dismissal appropriate on statute of limitations grounds where plaintiff pointed the court "to no particular reason why the statute of limitations might be tolled in his case" and the court could "discern none from the record"); *Rosa*, 840 F. App'x at 493.

IV.  <u>Conclusion</u>

Therefore, as set forth in detail above, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but the Complaint does not state a claim upon which relief may be granted.  Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or § 1915A.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 29th day of April, 2024.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11